IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY HAMMOND MURPHY,<br>Plaintiff, | )<br>)<br>) C.A. No. 23-86 Erie<br>) |
| v. | ) District Judge Susan Paradise Baxter<br>) Chief Magistrate Judge Richard Lanzillo |
| ROLEX WATCH USA, INC., et al.,<br>Defendants. | )<br>) |

**MEMORANDUM ORDER**

Plaintiff Anthony Hammond Murphy, a legally blind individual, initiated this action on March 24, 2023, by filing a complaint pursuant to Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181, *et seq*. This matter was referred to United States Magistrate Judge Richard A. Lanzillo for report and recommendation in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates.

Plaintiff subsequently filed an amended complaint on May 30, 2023 [ECF No. 16], which is the operative pleading in this case. In his amended complaint, Plaintiff claims that a website (www.Rolex.com) allegedly owned or controlled by Defendant Rolex Watch USA Inc. or Rolex SA discriminates against visually impaired individuals in violation of the ADA. Specifically, Plaintiff alleges that he is being deprived of "full and equal access" Rolex SA's products and services because its website is not fully compatible with screen reader software utilized by those who are visually impaired.

On September 5, 2023, Defendant Rolex SA filed a motion to dismiss for failure to state a claim and/or for lack of jurisdiction [ECF No. 28]. The motion was fully briefed by the parties.

1

On May 9, 2024, Chief Magistrate Judge Lanzillo issued a Magistrate Judge's Report and Recommendation ("R&R") [ECF No. 37] recommending that Defendant's motion be denied to the extent it seeks dismissal for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), finding that "Rolex SA's interactive commercial activity directed within Pennsylvania through its website is sufficiently robust and focused to support this Court's exercise of specific personal jurisdiction over it." (Id. at p. 12). However, Judge Lanzillo recommends that Defendant's motion be granted to the extent it seeks dismissal for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), concluding that "[Plaintiff] has failed to allege facts to support a nexus between a physical place of public accommodation owned, operated, or leased by Rolex SA and the goods or services Rolex SA offers and to which its website allegedly denies equal access." (Id. at p. 37). Nonetheless, the R&R recommends that Plaintiff be granted leave to amend his complaint to allege further facts supporting his claim.

Timely objections to the R&R were filed by both Defendant Rolex SA [ECF No. 38] and Plaintiff [ECF No. 39], and the objections have been fully briefed by the parties. Each of the parties objections will be considered, in turn.

**A.** **Defendant Rolex SA's Objections**

Defendant Rolex SA primarily objects to the Magistrate Judge's finding that the interactivity of its website is "neither passive, nor active, but in the middle," arguing, instead, that its website is merely passive (ECF No. 38, at p. 5). In particular, Plaintiff objects to the Magistrate Judge's findings regarding its website's "Store locator" function, which provides a directory of stores within a given geographic area (in this case, Pennsylvania) that sell the specific type of watch the user has configured on the website. Plaintiff argues that "users of the

2

Rolex website may simply find brick-and-mortar retailers by searching for them under the website's 'Store locator,'" and that "the configure function [on the website] is merely informational." (Id. at pp. 4-5). Judge Lanzillo found this to be an oversimplification of the "Store locator" function.

Specifically, the Magistrate Judge found that the "Store locator" function is "more than a simple list of all retailers who sell Rolex SA watches. Rather, this interactive functionality serves "as a type of advertising" directing users to locations within Pennsylvania to purchase Rolex SA's products." (ECF No. 37, at pp. 11-12) Thus, he concludes that "Although the retailers are independent of Rolex SA, the purpose and function of Rolex SA's website are clearly directed at promoting and ultimately selling its products in Pennsylvania, which weighs in favor of the exercise of specific personal jurisdiction in this case." (Id. at p. 12). This Court finds this conclusion to be well-reasoned and well-supported by both the allegations in this case and applicable legal precedent. Thus, Defendant SA's objections in this regard are unavailing.

Defendant Rolex SA argues further that, "even if this Court finds that Rolex SA's website is sufficiently interactive to warrant the exercise of specific personal jurisdiction … [Plaintiff's] claims do not arise out of the only Pennsylvania contacts allegedly created by Rolex SA's website." (ECF No. 38, at p. 7). Specifically, Defendant contends that "[t]he only arguable contact Rolex SA has with the Commonwealth of Pennsylvania through its website is the directory of official Rolex SA retailers provided via its 'Store locator,'" which is "primarily text-based." (Id.). This contention construes Plaintiff's allegations too narrowly.

As Plaintiff points out in his opposition brief [ECF No. 41], in addition to the contacts created by accessing the "Store locator" function, Plaintiff also alleges an "even more intrusive

exchange of information" that occurs through accessing the website as a whole. (Id. at p. 12). In particular, Plaintiff points out that Rolex SA places cookies on the hard drives of its Pennsylvania visitors' computers, smartphones, and other devices. (ECF 16, at ¶ 16). As Plaintiff cogently observes, "these backend services exchange commercial information between the Website's Pennsylvania visitors and host, Rolex SA," thus, further "avail[ing] itself of the privilege of conducting activities in Pennsylvania." (ECF No. 41, at p. 13). Defendant's objections are, therefore, unfounded.

### B. Plaintiff's Objections

Plaintiff's objections center on Judge Lanzillo's stated basis for determining whether Title III of the ADA applies to commercial websites. Specifically, Plaintiff objects to Judge Lanzillo's statement that "absent clarification by the Court of Appeals or action by Congress, it appears that the Court is constrained to apply the nexus test to the facts alleged in this case" (ECF 37 at p. 19), arguing that "the patchwork of authority" cited by the Magistrate Judge to support this statement "is all dicta." Thus, Plaintiff requests that this Court "recommit Rolex SA's motion to dismiss (Doc. 28) to the Magistrate Judge, pursuant to LCvR 72(D)(2), with instructions that the statements concerning a physical nexus requirement in *Ford*, *Menkowitz*, and *Peoples*, along with the reasoning supporting those statements, are dicta that do not constrain the Magistrate Judge to apply a nexus test to the facts alleged in this case."

However, the Court rejects Plaintiff's characterization of the Third Circuit's physical nexus requirement as dicta. In short, Plaintiff's reading of the cases at issue is too narrow. In the seminal case of Ford v. Schering-Plough Corp., 145 F.3d 601 (3d Cir. 1998), the Third Circuit Court's reasoned that "[t]he plain meaning of Title III is that a public accommodation is a place,"

4

and "[s]ince Ford received her disability benefits via her employment at Schering, she had no nexus to MetLife's "insurance office" and thus was not discriminated against in connection with a public accommodation." 145 F.3d at 612-13. Thus, the requirement of a nexus between the alleged discrimination and a physical location was integral to the Court's ultimate determination. This was subsequently recognized in Menkowitz v. Pottstown Memorial Medical Center, 154 F.3d 113 (3d Cir. 1998), where the Third Circuit observed that "[i]n aligning ourselves with the Court of Appeals for the Sixth Circuit, see Parker v. Metropolitan Life Ins. Co., 121 F.3d 1006 (6th Cir.1997) (en banc), we required at the very least some 'nexus' between the physical place of public accommodation and the services denied in a discriminatory manner." 154 F.3d at 120, citing Ford, 145 F.3d at 613; see also Peoples v. Discover Financial Services, Inc., 387 Fed. Appx. 179, 183 (3d Cir. 2010) (denying plaintiff's ADA claim because the alleged discrimination was "in no way relate[d] to the equal enjoyment of goods, services, facilities, privileges, advantages, or accommodations on physical property" owned, leased, or operated by defendant).[1]

The foregoing case authority, as well as the other lower court decisions cited by Judge Lanzillo in his R&R, amply support his statement that he was "constrained to apply the nexus test to the facts alleged in this case." Moreover, it bears noting that Judge Lanzillo's analysis was not restricted to his citation of case authority, as he also delved into both the history and the language of the ADA itself to arrive at his statement that is the subject of Plaintiff's objection. Thus, the Court finds Judge Lanzillo's thorough analysis both appropriate and compelling, and

---

[1] Although the Court acknowledges that Peoples is an unreported, nonprecedential decision, it remains instructive because the Third Circuit Court recognized as precedential its prior "holding" in Ford that the definition of "public accommodation" under Title III of the ADA "is limited to physical accommodations." Peoples, 387 Fed. Appx. at 183.

5

Plaintiff's objections are unavailing.

After *de novo* review of the complaint and documents in this case, together with the report and recommendation and objections thereto, the following order is entered:

AND NOW, this 17th day of July, 2024;

IT IS HEREBY ORDERED that Defendant Rolex SA's motion to dismiss [ECF No. 28] is granted in part and denied in part, as follows:

1. The motion is DENIED to the extent it seeks dismissal for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2); and

2. The motion is GRANTED to the extent it seeks dismissal for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6); however, such dismissal is without prejudice to Plaintiff's right to file an amended complaint to correct the deficiencies noted in the R&R within twenty (20) days of the date of this Order. In the event Plaintiff fails to file an appropriate amended complaint within such time, the Court's dismissal of Plaintiff's claim against Defendant Rolex SA will be converted to a dismissal with prejudice without further notice.

The report and recommendation of Chief Magistrate Judge Lanzillo, issued May 9, 2024 [ECF No. 37], is adopted as the opinion of the court, to the extent supplemented herein.

                                                     /s/ Susan Paradise Baxter
                                                     SUSAN PARADISE BAXTER
                                                     United States District Judge

cc:      The Honorable Richard A. Lanzillo
          Chief U.S. Magistrate Judge

          all parties of record